

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/20/2018

| | | |
|---|---|---|
| IN RE: § | | |
| GOLDEN STATE HOLDINGS, INC. § | CASE NO: 14-36650 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| JOHN AKARD, JR., TRUSTEE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-03109 | |
| § | | |
| JASON LANE § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

John Akard, Jr., Chapter 11 Trustee, filed this adversary proceeding seeking to avoid certain payments made by Golden State Holdings, Inc. to Jason Lane. The trustee filed an expert report in support of his position, but it was stricken. The parties filed briefs regarding whether the report could be amended. The Court has determined that the Trustee may not amend his report. However, a continuance is granted to allow the Trustee to file a new expert report, subject to the Trustee's advance cash payment of Lane's reasonable attorney's fees and expenses incurred by reason of the stricken expert report.

### BACKGROUND

On December 1, 2014, Golden State Holdings, Inc. filed chapter 11 bankruptcy (Case No. 14-36650). (ECF No. 1 at 1). On January 6, 2015, the Court entered an order directing the United States Trustee to appoint a chapter 11 trustee in Golden State's bankruptcy case. (Case No. 14-36650, ECF No. 18). John Akard, Jr. was appointed as Chapter 11 Trustee on January 13, 2015. (ECF No. 1 at 2).

On May 23, 2016, the Trustee filed this adversary proceeding in order to avoid certain prepetition payments made by Golden State Holdings to Jason Lane. (ECF No. 1 at 1-3). The Trustee alleges that these payments were made in violation of 11 U.S.C. § 548 because they were made with the "intent to hinder, delay, or defraud" Golden State's creditors, or because Golden State "received less than a reasonably equivalent value" for the transfers and Golden State became insolvent because of the transfers. (ECF No. 1 at 3). In support of his second theory, the Trustee retained Jerry Holt to opine on Golden State's insolvency at the time of the transfers. Holt prepared an expert report to this effect, which was submitted on July 24, 2017. (ECF No. 43).

Lane retained his own expert, Helga Zauner, to prepare rebuttal testimony and an expert report. (ECF No. 47). In her report, Zauner concluded that Holt's opinions as to Golden State's insolvency were "flawed, unsupported and unreliable." (ECF No. 47-1 at 3). Zauner noted that Holt's report failed to explain his reasons for characterizing certain large, unidentified deposits made to the bank account of Golden State as liabilities rather than revenues, which directly affected Holt's estimation of Golden State's solvency. (ECF No. 47-1 at 6). Zauner also pointed out that Holt's report failed to include or consider financial information concerning Golden Aldo, an alter ego of Golden State, information necessary for an expert opinion regarding Golden State's insolvency to be complete and accurate. (ECF No. 47-1 at 7).

Following the submission of this rebuttal report, Lane filed a motion to strike Holt as an expert on October 25, 2017. (ECF No. 62 at 1). On December 18, 2017, the Court held a hearing to consider whether Holt's report should be stricken. At that hearing, the Court held that Holt's report should be stricken for failing to include the reasons why Holt characterized the unidentified deposits as liabilities, and for failing to consider financial information regarding

Golden State's alter ego. The Court then allowed the parties to brief whether the striking of Holt's report prohibits the Trustee from filing a new or amended expert report even though the discovery deadline in the proceeding had passed. The parties submitted their briefs on January 12, 2018. (ECF No. 84; ECF No. 85).

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

## ANALYSIS

### I. Why Holt's Expert Report Was Stricken and Whether It Can be Amended

Federal Rule of Civil Procedure 26 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7026. FED. R. BANKR. P. 7026. Rule 26(a)(2)(B) provides that, when an expert witness is retained for the express purpose of providing expert testimony in a case, the discovery disclosures for that witness must include a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming" those opinions. FED. R. CIV. P. 26(a)(2)(B). The Advisory Committee pointed out that "the information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." FED. R. CIV. P. 26 advisory committee's note to 1993 amendment. As the Fifth Circuit noted, the expert report requirements added to Rule 26 were intended to prevent disclosure of merely "sketchy and vague" information and provide for full and complete disclosure of not only an expert's opinions and conclusions but also of all data on which he relied and all reasons for his

conclusions. *Id*.; *see Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).

The report of the Trustee's expert, Jerry Holt, was stricken during the December 18, 2017 hearing because it failed to explain why Holt had characterized as liabilities, rather than revenue, certain large, unidentified deposits made to the bank account of Golden State. The problem is easily illustrated. Assume that a deposit of $100,000.00 is made into a bank account. There are at least three plausible reasons for such a deposit:

- The deposit might be income. If it is income, there is no necessary liability attached to the income. The accounting entries would be a debit to the cash account and a credit to the income account.

- The deposit might be the proceeds of a loan. If the deposit represents the proceeds of a loan, then the proceeds would be associated with a liability. The accounting entries would be a debit to the cash account and a credit to a loan account.

- The deposit might be an equity investment by a current or new owner. If the deposit represents the proceeds of an equity investment, then there would not be an associated liability. The accounting entries would be a debit to the cash account and a credit to the equity account.

Without explanation, Holt assumed that all of the cash deposits were the proceeds of a loan. Accordingly, he created a liability to reflect the debt associated with the loan. Holt gave no reason for this assumption. Nevertheless, the conclusion that the deposit created a debt was fundamental to Holt's conclusions.

Holt's report failed to meet the Rule 26(a)(2)(B) requirement that expert reports include the "basis and reasons" for the expert's opinions or conclusions. FED. R. CIV. P. 26(A)(2)(B). Furthermore, the report failed to include or consider financial information concerning Golden State's alter ego, information that would be necessary for the expert opinion about Golden State's insolvency to be complete and accurate.

These defects, among others, compelled the Court to strike the Expert Report of Jerry Holt. Striking material from a judicial record has an annihilative effect. *See Sheppard v. Wilson*, 47 U.S. 260, 269 (1848) (stricken evidence "constituted a part of the record no longer"); *Rosenberg v. Pritchard Services, Inc.*, 774 F.2d 293, 295 (8th Cir. 1985) (stricken evidence "was not in evidence at all"); *In re Smith*, 656 F.2d 1101, 1107 (5th Cir. 1981) (striking evidence in order to "completely and permanently obliterate" it); *Hines v. Hines*, 43 App. D.C. 280, 282 (D.C. Cir. 1915) (the evidence having been stricken, "there [was] nothing left but the pleadings"). Because the Court struck Jerry Holt's expert report from the record, the Trustee failed to meet the requirement of Rule 26(a)(2)(B) that any expert witness retained expressly for trial disclose a report as prescribed by that rule. *See Ben-Zvi v. Bo Hi Pak*, 510 Fed. Appx. 2, 3 (2d Cir. 2013); *Carter v. Bd. of County Com'rs of Okfuskee County*, 371 Fed. Appx. 977, 979 (10th Cir. 2010). For the same reason, the Trustee is incapable of amending or supplementing Holt's stricken expert report, as it no longer exists for the purposes of the record in this case.

  II. **Whether and What Sanctions Should be Imposed upon the Trustee for Failure to Disclose an Expert Report, and Whether a New Report Can be Filed**

This failure to disclose in accordance with Rule 26(a)(2)(B), whether by virtue of the defects in the report or the failure to disclose a report at all as a consequence of the report's having been struck, triggers the operation of Rule 37(c) sanctions. FED. R. CIV. P. 37(C). If a party fails to meet any of the disclosure requirements of Rule 26(a), that party may be subject to sanctions under Federal Rule of Civil Procedure 37(c) unless the party can show that "the failure was substantially justified or is harmless." FED. R. CIV. P. 37(C)

Rule 37 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7037. FED. R. BANKR. P. 7037. "Rule 37 is flexible" and empowers the court to, "within reason, use as many and as varied sanctions as are necessary to hold the scales of justice

even." 8B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §2284 436-37 (3d ed. 2010); *see B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964). Factors important to the consideration of whether and what sanctions to impose upon a non-disclosing party include: the importance of the testimony to the party's case; the prejudice to the opposing party that would be created by admitting the testimony; whether and how any such prejudice can be cured; and the non-disclosing party's reason for failing to meet the requirements of Rule 26(a). *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009); *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *Sierra Club*, 73 F.3d at 572.

  a. *The Importance of the Testimony to the Trustee's Case*

Although the Trustee alleges alternative theories of fraudulent transfer in this adversary proceeding, not all of which require proof of Golden State's insolvency, evidence of Golden State's insolvency is nevertheless indispensable to at least some of these theories. The testimony is undoubtedly important and relevant to the Trustee's case.

  b. *The Trustee's Reason for the Failure to Meet the Requirements of Rule 26(a)(2)(B)*

While it appears that the Trustee made an effort to comply with the Rule 26(a)(2)(B) requirements for expert report disclosures, the Trustee has no compelling reason for the deficiencies of the report. The Trustee argues that Golden State's failure to provide either him or Holt with books or records forced Holt to adopt the difficult task of creating financial statements from bank records that the Trustee had subpoenaed. (ECF No. 83 at 4). However, Golden State's failure to be forthcoming with its financial information has no bearing on Holt's decision to characterize the unidentified deposits, nor did it prevent Holt from disclosing his reasons for those characterizations. Therefore, while the Trustee does provide what is arguably a plausible

reason for exclusion of Golden Aldo's financial information from the report, the dearth of reasoning for Holt's failure to include an explanation of why he characterized the deposits the way he did tends to weigh against the Trustee in this case.

    c. *The Prejudice to Defendant Caused by Admitting the Testimony*

Should the Court permit the Trustee to untimely file a compliant Rule 26(a) expert report, it is unlikely that such a report would contain much, if any, information that would constitute an unfair surprise to Lane. However, if Holt were permitted to prepare a new report, it would necessarily contain, among other things, some new information explaining Holt's characterization of the unidentified deposits and considering the financial information of the Debtor's alter ego in order to overcome its previous defects. Moreover, the discovery period would have to be reopened in order for the Trustee to acquire the necessary information and prepare the new expert report. As such, allowing the Trustee to late file a new expert report would prejudice Lane.

The Trustee referenced Lane's failure to depose Holt prior to the close of the discovery period. (ECF No. 83 at 3; ECF No. 85 at 2). While this may be true, it does not speak to any prejudice that may be suffered by Lane by virtue of any late disclosure. As explained above, one of the goals of the Advisory Committee with respect to the Rule 26(a)(2)(B) amendments was to provide for such full and complete expert disclosure that it might obviate the need for taking depositions. FED. R. CIV. P. 26 advisory committee's note to 1993 amendment. Therefore, the fact that Lane did not attempt to depose Holt prior to the discovery deadline does not bear on the determination of what prejudice may or may not be experienced by Lane.

d.  *The Possibility of Curing the Prejudice by Continuance*

The prejudice to Lane would be curable if a continuance were granted allowing both parties to conduct and prepare whatever further discovery and rebuttal testimony the case requires.  Lane argues he would be prejudiced because he would be "forced to conduct more discovery and prepare additional rebuttal by his expert" "on the eve of trial."  (ECF No. 84 at 4).  Yet, at this point, no date has been set for either a summary judgment hearing or trial.  Lane cannot base the prejudice he alleges on the imminence of a trial that is not yet scheduled.  Moreover, the Fifth Circuit has repeatedly explained that "continuance is the 'preferred means of dealing with a party's attempt to designate a witness out of time . . . ."  *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998); *see Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007).  Therefore, since this delay is not occurring on the eve of trial, and since a continuance would afford Lane the time necessary to rebut the new expert report, this factor weighs in favor of the Trustee's right to file a new report.

Based on the foregoing analysis, the Court finds that the Trustee's violation of Rule 26(a)(2)(B) was neither substantially justified nor harmless, and therefore is an appropriate case for sanctions under Rule 37(c).  However, considering that any prejudice to Lane is curable and that the expert testimony in question is critical to at least some of the Trustee's claims, the Court is prepared to grant a continuance in this case to allow the Trustee to file a new expert report.  This continuance is conditioned on the Trustee's payment of Lane's reasonable expenses and attorneys' fees associated with the protracted discovery process made necessary by the Trustee's failure to meet the requirements of Rule 26(a)(2)(B).

The proper amount of discovery is the discovery that will pertain to the new expert report.  Lane's cost of that proper amount of discovery is not recoverable.  However, Lane's cost

of reviewing the original report, his cost of obtaining a rebuttal report, and all costs associated with the motion to strike the expert report would not have been necessary if the initial report had been correct. These costs include the attorney's fees incurred by Lane in each of those matters.

Within 14 days, Lane must submit an accounting of those unnecessary costs and fees to the Trustee. The Trustee will thereafter have 14 days to pay those costs to Lane, or to file a challenge to the costs. If the costs and fees are paid within that time frame, the Trustee may then submit a new expert report.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **March 20, 2018.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE