

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/12/2018

| | | |
|---|---|---|
| IN RE: | § | |
| GOLDEN STATE HOLDINGS, INC. | § | CASE NO: 14-36650 |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |
| | § | |
| JOHN  AKARD, JR., TRUSTEE | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 16-03109 |
| | § | |
| JASON  LANE | § | |
|     Defendant(s) | § | |

<u>**MEMORANDUM OPINION**</u>

On May 23, 2016, John Akard, Chapter 11 Trustee, filed a complaint to avoid certain prepetition payments made by Golden State Holdings to Jason Lane.  The Trustee hired Jerry Holt to provide an expert report on the issue.  On October 25, 2017, Jason Lane filed a Motion to Strike Holt's Report.  On December 18, 2017, the Court struck Holt's expert report based on a number of deficiencies.

Subsequently, on March 20, 2018, the Court found that the Trustee failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and could not amend or supplement the stricken report, given that it no longer existed for purposes of the record.  In light of the Trustee's violation of Rule 26(a)(2)(B), the Court found that Rule 37(c) sanctions were appropriate.  The Court, however, granted the Trustee a continuance to file a new expert report, provided that the Trustee pay Lane's reasonable expenses and attorney's fees associated with reviewing the original report, preparing a rebuttal report, and moving to strike the expert report.

On April 3, 2018, Lane filed his Motion for Fees and Expenses, along with a Motion to Modify the Court's Opinion, seeking $31,715.48[1] in necessary fees and expenses, including attorney's fees.  The Trustee objects to Lane's requested fees and his Motion to Modify on various grounds.

Lane's Motion to Modify is denied, and further proceedings are needed to determine the appropriate attorney's fees.

## Background

On December 1, 2014, Golden State Holdings, Inc. filed for chapter 11 bankruptcy. (Case No. 14-36650, ECF No. 1 at 1).  On January 6, 2015, the Court entered an order directing the United States Trustee to appoint a chapter 11 trustee in Golden State's bankruptcy case. (Case No. 14-36650, ECF No. 18).  John Akard, Jr. was appointed Chapter 11 Trustee on January 13, 2015.  (ECF No. 1 at 2).

On May 23, 2016, the Trustee filed this adversary proceeding to avoid certain prepetition payments made by Golden State Holdings to Jason Lane.  (ECF No. 1 at 1–3).  In support of his position, the Trustee retained Jerry Holt to opine on Golden State's insolvency at the time of the transfers.  Holt prepared an expert report to this effect, which was submitted on July 24, 2017. (ECF No. 43).

Lane retained his own expert, Helga Zauner, to prepare rebuttal testimony and an expert report.  (ECF No. 47).  In her report, Zauner concluded that Holt's opinions as to Golden State's insolvency were "flawed, unsupported, and unreliable."  (ECF No. 47-1 at 3).  Following the submission of this rebuttal report, Lane filed a motion to strike Holt as an expert on October 25, 2017.  (ECF No. 62 at 1).

---

[1] This amount was voluntarily reduced from $32,990.48 in Lane's Reply to the Trustee's Objection.  (ECF No. 93 at 5).  However, as noted later in this Opinion, the amount indicated is incorrect.

On December 18, 2017, the Court struck Holt's expert report for failing to include the reasons why unidentified deposits were characterized as liabilities, and for failing to consider financial information regarding Golden State's alter ego.  The Court then allowed the parties to brief whether the striking of Holt's report prohibited the Trustee from filing a new or amended expert report even though the discovery deadline in the proceeding had passed.  The parties submitted their briefs on January 12, 2018.  (ECF No. 84; ECF No. 85).

On March 20, 2018, the Court found that due to Holt's stricken expert report, the Trustee failed to meet the requirements of Rule 26(a)(2)(B)—that any expert witness retained expressly for trial disclose a report as prescribed by that rule.  (ECF No. 87 at 5).  Consequently, the Trustee was incapable of amending or supplementing Holt's stricken report, as it no longer existed for the purposes of the record.  (ECF No. 87 at 5).  The Court further noted that the Trustee's violation of Rule 26(a)(2)(B) was neither substantially justified nor harmless, and therefore sanctions under Federal Rule of Civil Procedure 37(c) were appropriate.  (ECF No. 87 at 8).  The Court, however, granted the Trustee a continuance to file a new expert report, conditioned on the Trustee's payment of Lane's reasonable expenses and attorney's fees associated with the protracted discovery process made necessary by the Trustee's failure to comply with Rule 26(a)(2)(B).  (ECF No. 87 at 8).

That same day, the Court issued an Order consistent with its Memorandum Opinion. (ECF No. 90).  The Court's Order set forth the following:

1. The Trustee's Motion for Leave to Supplement Jerry Holt's Expert Report is denied;

2. Jason Lane shall submit an accounting of any reasonable costs and fees associated with (i) reviewing the original expert report, (ii) preparing a rebuttal report, and (iii) moving to strike the expert report, including attorney's fees, within 14 days of the entrance of the Order;

3. The Trustee shall either pay or challenge Lane's accounting within 14 days of its submittal; and

4. Upon timely payment of the unchallenged (or otherwise approved) costs and fees, the Trustee may submit a new expert report.

Thereafter, Lane submitted an Accounting of Fees and Expenses and a Motion to Modify within the prescribed 14-day period.  (*See* ECF No. 91).  Through his Motion, Lane requests the approval of $31,715.48[2] in reasonable fees and expenses pursuant to this Court's Opinion.  (ECF No. 93 at 5).  Additionally, Lane asks the Court to modify its previous Opinion to include "the reasonable fees and expenses associated with Lane's motion for summary judgment" as it was drafted at the same time as the Motion to Strike the Export Report, such that "the work performed for each is inextricably intertwined."  (ECF No. 91 at 2).

The Trustee objected to Lane's Accounting and Motion to Modify on April 16, 2018. (*See* ECF No. 92).  Specifically, the Trustee argues that: (i) he should not be required to pay for the discounts HSSK[3] and Zauner gave Lane; (ii) Lane improperly included aspects of Zauner's report which were unrelated to rebutting Holt's Expert Report; (iii) Lane's accounting is inaccurate; (iv) Lane attempts to include a significant amount of fees not provided for in the Court's Order;[4] (v) Lane seeks unreasonable fees; and (vi) Lane's Motion to Modify should be denied.  (ECF No. 92 at 3–8).

---

[2] Lane requests that the Court divide this figure into two payments: $25,785.62 paid to Lane and $5,929.86 paid to HSSK.  The first figure encompasses the following: $21,839.50 in attorney's fees, minus the $1,275.00 inadvertently included fee, plus $21.12 in expenses, and $5,200.00, which Lane contends be paid to HSSK.  (ECF No. 93 at 5).

[3] HSSK appears to be the firm Lane hired for Zauner's work.

[4] The Trustee indicated that Lane appeared to include time addressing the Intervenor's Motion for Summary Judgment and that such was not proper.  (ECF No. 92 at 8).  In his response, Lane conceded that the time related to the Intervenor Motion was inadvertently included, and therefore reduced the requested amount from $2,550.00 to $1,275.00.  (ECF No. 93 at 4).

The issues before the Court are whether Lane's fees and expenses are reasonable, and in line with the Court's Order, and whether the Court's Order should be modified to include Lane's Summary Judgment fees.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).  Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

As mentioned previously, after concluding that the Trustee's violation of Rule 26(a)(2)(B) was neither substantially justified nor harmless, the Court found that Rule 37(c) sanctions were appropriate.  (ECF No. 87 at 8).  As such, the Court conditioned the Trustee's filing of a new expert report on the Trustee's payment of Lane's reasonable expenses and attorney's fees incurred in opposing Holt's expert report.  (ECF No. 87 at 8).  The Trustee objects to the reasonableness of the fees requested, and the inclusion of fees beyond those ordered by the Court.

### I. Lane's Motion to Modify the Court's Opinion

Lane argues that this Court's previous Order should be modified to include the fees and expenses associated with his Motion for Summary Judgement because the work performed on the Motion is "inextricably intertwined" with the work done on his Motion to Strike Holt's Expert Report.  (ECF No. 91 at 2).  Lane further maintains he is entitled to these fees because the filing of a new expert report would necessitate another motion for summary judgment.  (ECF No. 91 at 2 ("[S]hould the Trustee be permitted to submit a new expert report, then Lane would have

to file a new motion for summary judgment since the last one was predicated in large part on [the] Trustee's deficient expert opinions.")).

The Trustee counters that Lane's Motion for Summary Judgment was predicated on Lane's affirmative defenses, rather than solely on the Motion to Strike Holt's Expert Report. (ECF No. 92 at 7). The Trustee maintains that in order to prevail on his summary judgment motion, Lane must demonstrate no genuine issue of material fact exists on the insolvency question, requiring his own expert opinion, rather than relying on Holt's expert report. (ECF No. 92 at 7–8). In essence, the Trustee argues that Lane's claimed reliance on Holt's expert report to formulate the summary judgment motion is misplaced and does not warrant an award of Summary Judgment Fees.

By indicating that the work performed under both the Motion for Summary Judgment and the Motion to Strike are "inextricably intertwined," Lane appears to invoke an exception to the requirement for segregation of fees under Texas law.[5] However, even if the fees are intertwined, Texas law does not apply to the fee shifting in this case. This is a procedural issue under Federal Rule of Civil Procedure 37(c) and will be determined in accordance with federal law.

---

[5] Under Texas law, a fee applicant "is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." *SCA Promotions, Inc. v. Yahoo! Inc.*, No. 3:14-cv-957-O, 2016 WL 8223206, at *3 (N.D. Tex. Nov. 21, 2016) (quoting *Stewart Title Guar Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997)); *see also Tow v. Speer*, No. H-11-3700, 2015 WL 1058080, at *16 (S.D. Tex. Mar. 10, 2015) ("When a plaintiff seeks to recover attorneys' fees in a case involving multiple claims, at least one of which supports a fee award and at least one of which does not, the plaintiff must offer evidence segregating the hours worked among the various claims."). "In certain limited circumstances, a fee applicant can avoid this requirement if he can show that a recoverable and an unrecoverable claim are sufficiently intertwined that he would have done the same work for which he is requesting attorneys' fees even if he had not brought the unrecoverable claim." *SCA Promotions*, 2016 WL 8223206, at *3. The party seeking to invoke the exception has the burden of demonstrating that it applies. *Id*. (citations omitted). "This showing requires more than just pointing out a common set of facts: 'it is only when *discrete legal services* advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.'" *Id*. at *4 (quoting *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). "The standard to determine whether the fees for intertwined claims are recoverable is whether the claimant would have done the *same work* for which it is requesting fees had it *not* brought the non-recoverable claim." *Id*; *see also Chapa*, 212 S.W.3d at 314 ("To the extent such services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service.").

Lane is correct in that his Motion for Summary Judgment and his Motion to Strike are "nearly identical." (ECF No. 93 at 3). In fact, in his Motion for Summary Judgment, Lane states that he "also files a Motion to Strike Plaintiff's Expert concurrently with this motion, and it is incorporated by reference as if fully set forth herein." (ECF No. 60 at 8). Other than a few pages, Lane's Motion for Summary Judgment is no different than his Motion to Strike. (ECF No. 93 at 3 ("Other than pages 5–6 and 17–18 . . . they are nearly identical.")).

The Court, however, will not allow Lane to recover twice for the same work. Inserting the Motion to Strike within the Motion for Summary Judgment does not make the fees for such work allowable under the Court's Order. In conditioning the Trustee's introduction of a new expert report on the payment of Lane's reasonable expenses, the Court explicitly enumerated the work for which the Trustee should pay, specifically, Lane's (i) review of the original expert report; (ii) preparation of a rebuttal report; and (iii) moving to strike Holt's expert report. (ECF No. 90). The fact that Lane's work on any of these three areas involving Holt's expert report provided a basis for a motion for summary judgment does not make the summary judgement fees an allowable expense. Lane's recoverable fees are limited to those incurred as a consequence of the Trustee's violation of Rule 26(a)(2)(B). *See* FED. R. CIV. P. 37(c)(1)(A) (detailing that the fees provided by the court are those "reasonable expenses, including attorney's fees, *caused* by the failure") (emphasis added). The Trustee's failure to meet Rule 26's requirements is directly related to Lane's Motion to Strike the Report. The Trustee's failure, however, did not cause Lane to move for summary judgment; it rather provided a separate basis for Lane to do so. Furthermore, as Lane indicated, his summary judgment motion is largely made up of his Motion to Strike. The Court is unable to see why Lane should be compensated twice for nearly identical work.

Lane's Motion to Modify is denied.

## II. Lane's Motion for Fees and Expenses

The Trustee objects to Jason Lane's Motion for Fees and Expenses on various grounds. The Trustee indicates that: (i) it should not be required to pay for the discounts HSSK and Zauner gave Lane; (ii) not all of Zauner's report related to rebutting Holt's Report and it should therefore not be charged for all of Zauner's work; (iii) Lane did not attach an actual accounting or summary of how he arrived at the amount included in his Motion for Fees and Expenses, and the highlighted portions do not equal the amount requested; (iv) Lane attempts to include a significant amount of fees not provided for in the Court's order; and (v) Lane seeks unreasonable fees.  (EFC No. 92 at 3–8).

### A. *Discounts*

The Trustee asserts that Lane's request to allow $11,129.86 for fees and expenses paid to HSSK for Zauner's work should be denied in part.  (ECF No. 92 at 3).  Specifically, the Trustee maintains that it should not be charged for the courtesy discounts HSSK provided to Lane, because such would provide Lane with a "windfall."  (ECF No. 92 at 3–4).  The Court agrees.

Lane's accounting of fees and expenses show that the amounts charged for Zauner's work reflect a figure of $11,129.86.  (ECF No. 91-1 at 36–39).  HSSK and Zauner, however, provided Lane with courtesy discounts, totaling $5,929.86.  (ECF No. 91-1 at 37–38). Accordingly, Lane's actual loss for Zauner's work on the Holt report is $5,200.00.

Lane will not be compensated above and beyond his actual costs incurred in striking Holt's expert report.  The courtesy discounts provided to Lane by HSSK are not allowable fees and expenses that may be charged against the Trustee.  The Trustee is only responsible for

Lane's actual costs incurred in reviewing the original report, preparing a rebuttal report, and moving to strike Holt's Report, specifically, $5,200.00.

### B.  Helga Zauner's Report

The Trustee maintains that he is not responsible for the payment of all of Zauner's work, because Zauner's report involved procedures that did not directly relate to rebutting Holt's expert report.  (ECF No. 92 at 4).  Zauner's report identifies four different procedures by which she arrived at her conclusions.  (ECF No. 62-1 at 3).  Zauner indicates that she:

1.    reviewed the documents listed on Exhibit A;

2.    analyzed the assertions and opinions set forth in Mr. Holt's Report dated July 23, 2017;

3.    reviewed the July 25, 2017 report of Diane King, Broker, CRS, GRI, ABR of The King Team/Keller Williams Realty, and supporting documentation produced; and

4.    performed internet research regarding the parties and properties, and their corresponding ownership, involved in this matter.  (ECF No. 62-1 at 3).

The Trustee argues that only one of the four directly relate to the allowable fees.  (ECF No. 92 at 4).  As such, the Trustee contends that he should only be charged for work done for that specific procedure, namely, analyzing the assertions and opinions set forth in Holt's expert report.

The Court's Order encompasses not only fees associated with reviewing Holt's original report, but also fees and costs incurred in preparing a rebuttal report.  (*See* ECF No. 90).  In preparing her rebuttal report, Zauner indicates that she performed four procedures, all of which aided her in arriving to the conclusion that "Mr. Holt's opinion of insolvency of Golden State is flawed, unsupported and unreliable."  (ECF No. 62-1 at 4).  Zauner could not, simply by looking

at Holt's report in a vacuum properly give a qualifying expert opinion as to whether Holt's expert report was accurate. Accordingly, the reasonable fees and expenses actually paid for the preparation of Zauner's rebuttal report are allowable fees.

### C. Accounting

The Trustee is correct in that the highlighted portions of the accounting submitted by Lane do not add up to the amount requested. In his Response to the Trustee's Objection, after having voluntarily reduced the amount in one of its entries, Lane requests attorney's fees and expenses in the amount of $31,715.48. (ECF No. 93 at 5). Lane provides the following breakdown of his fees:

- $21,839.50 in attorney's fees as highlighted in Lane's accounting;

- $21.12 in expenses;

- $5,200.00 actually paid to HSSK for Zauner's work;

- (-$1,275.00) in inadvertently included fees; and

- $5,929.86 in courtesy discounts from HSSK, which Lane asks be directly paid to HSSK. (ECF No. 93 at 5).

Lane's requested fees as set out in its Response, however, do not match the accounting he provided as proof of those fees. The discrepancy appears to stem from the highlighted entries in Lane's account summary.

### a. Highlighted Entries

After adding the highlighted portions and utilizing the reduced amounts as indicated, the Court finds that the total fees owed under Lane's highlighted summary is $25,720.10, as opposed to $21,839.00. In effect, the highlighted entries do not add up to the figure provided by Lane in its Response, creating a discrepancy of $3,881.10.

Furthermore, as the Court notes in Appendix A, attached to this Opinion, in two entries, Lane fails to accurately calculate his reduced amounts.  (*See* ECF No. 91-1 at 12, 31).  Those two entries are as follows:

| Date | Description | Hours and Rate | Original Total | Corrected Total |
|------|-------------|----------------|----------------|-----------------|
| 8/24/2017 | Review xxx correspond with expert; receive and review deposition notice of Jason Lane; draft deposition notice of John Akard; correspond with opposing counsel regarding depositions and discovery; receive and review interrogatories, requests for admission, and requests for production; correspond with Jason Lane xxx. | 1.40 at $375.00/hr | $1,525.00 | $525.00 |
| 10/25/2017 | Assist attorney in preparation of exhibits for Defendant's Motion for Summary judgment against Trustee and preparation of exhibits for filing of Defendant's Motion for Summary Judgment against Intervenors; docket hearing on Jason Lane's Motion to Strike Experts; and docket deadline for Plaintiff to respond to Defendant Jason Lane's First Motion to Strike Experts, Intervenors to respond to Motion for Summary Judgment; and Plaintiff to Respond to Motion for Summary Judgment. | 3.00 at $150.00/hr | $450.10 | $450.00 |

After adding the highlighted portions and making the appropriate corrections to the two entries above, the Court finds that the amount of attorney's fees under Lane's summary is $24,720.00, as opposed to $21,839.00 as set out in Lane's Response.

### b.  Corrected Summary of Fees

Using the Court's corrected highlighted entries, the total amount of Lane's requested fees is $34,595.98, including the highlighted portions in Lane's summary, Lane's expenses, and all of Zauner's fees (amounts actually charged and courtesy discounts from HSSK).   Below is a breakdown of the total amount:

- $24,720.00 in attorney's fees as highlighted in Lane's accounting, using the corrections indicated above;

- $21.12 in expenses;

- $5,200.00 actually paid to HSSK for Zauner's work;

- (-$1,275.00) in inadvertently included fees; and

- $5,929.86 in courtesy discounts from HSSK.

The discrepancy between Lane's requested fees and its own summary, taking into account mathematical errors, is $2,800.50.   The Court is unable to discern how Lane arrived at his calculation of attorneys' fees and expenses.

### D.  Reasonableness

When determining the amount of attorney's fees to award in a bankruptcy case, the Court utilizes two tests: the lodestar method and the *Johnson* factors.   *CRG Partners Group, LLC v. Neary (In re Pilgrim's Pride Corp.)*, 690 F.3d 650, 656 (5th Cir. 2012); *see Burdette v. Steadfast Commons II, LLC*, No. 11-980-RSM, 2012 WL 12883114, at *1 (W.D. Wash. Nov. 19, 2012) ("In order to calculate reasonable attorney fees pursuant to a Rule 37 sanction, the court uses the lodestar approach.").

The *Johnson* factors enumerate twelve considerations which determine whether requested fees are reasonable or not.   The twelve factors are:

> (1) The time and labor required: (2) Novelty and difficulty of the questions;
> (3) The skill requisite to perform the legal service properly; (4) The preclusion of
> other employment by the attorney due to acceptance of the case; (5) The
> customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations
> imposed by the client or the circumstances; (8) The amount involved and the
> results obtained; (9) The experience, reputation, and ability of the attorneys;
> (10) The "undesirability" of the case; (11) The nature and length of the
> professional relationship with the client; (12) Awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The lodestar method determines the amount of compensation by multiplying the number of hours spent by the prevailing hourly rate in the community for similar work. *Neary*, 690 F.3d at 655. However, the lodestar method also grants the court discretion to adjust the lodestar amount upwards or downwards based on its assessment of the *Johnson* Factors. *Id.*

The party seeking fees bears the burden of demonstrating the reasonableness of its request. *Blum*, 464 U.S. at 897; *see Alto-Shaam, Inc. v. Manitowoc Co.*, No. 7:09-cv-018-O, 2012 WL 12978015, at *4 (N.D. Tex. Feb. 2, 2012) ("The burden of proving reasonableness of the billed hours is on the applicant."). As such, "the applicant must prove that he exercised billing judgment in calculating the hours expended." *Alto-Shaam,* 2012 WL 12978015, at *4 (citations omitted). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* "Where no evidence of billing judgment has been submitted, it is appropriate to reduce the fee award by a percentage intended to substitute for the exercise of billing judgment." *Id.* (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (indicating that lack of billing judgment requires a reduction of fees rather than a denial of fees)).

As evidence to support the hourly rate and amount of hours charged, Lane attached an affidavit provided by his attorney, Jeremy Stone, to his Motion for Fees and Expenses. (ECF

No. 91-1 at 2–5).  In the affidavit, Stone indicated that the hourly rates of $375.00 and $350.00 charged by him and Corey Seel, respectively, are reasonable for the type of work performed— commercial and fraudulent transfer litigation—in the Southern District of Texas.  (ECF No. 91-1 at 3).  Stone further maintained that their level of experience, not only familiarized them with the commonly charged rates in the community, but further merited the amounts charged.  (ECF No. 91-1 at 3).  He indicated that the lower charges on the invoices reflected the amount of work done by paralegals and associates.  (ECF No. 91-1 at 4).  In essence, given his familiarity with the work and rates in the community, Stone stated that "the costs and attorneys' fees as shown on the [] invoices are reasonable and necessary in this case."  (ECF No. 91-1 at 4).

The Trustee does not object to the rates charged, but rather indicates that the time spent on certain tasks render the fees requested unreasonable.  Specifically, the Trustee objects to entries between December 11, 2018 and December 18, 2017, wherein Lane "includes 14.9 hours for preparing and attending a 30-minute hearing on the Motion to Strike."  (*See* ECF No. 91-1 at 32; ECF No. 92 at 7).  The following are entries pertaining to that time frame:

| | | | |
|---|---|---|---|
| 12/11/2017 | Review, revise and finalize Reply to Response for Motion for Summary Judgment; correspond with Helga Zauner regarding the hearing; correspond with Jason Lane regarding status; receive and review Trustee's witness and exhibit list for December 18 hearing; correspond with Trustee's counsel regarding exhibits. | 4.60 at $375/hr | $1,725.00 |
| 12/12/2017 | Docket Telephonic Meeting with Expert, Helga A. Zauner regarding her testimony at hearing on Lane's Motion to Strike Holt's Testimony for December 13th.[6] | 0.10 at $150/hr | $15.00 |
| 12/13/2017 | Revise and finalize witness and exhibit list; confer with expert Helga Zauner regarding the hearing set for Monday. | 0.60 at $375/hr | $225.00 |

---

[6] It is likely that Lane intended this date to reflect the day of the hearing, December 18th.

| 12/14/2017 | Prepare for hearing on motion to strike expert; telephonic conference with Helga Zauner regarding accounting issues. | 2.50 at $375/hr | $937.50 |
| 12/15/2017 | Review documents and prepare for hearing on motion to strike experts. | 0.80 at $385/hr | $300.00 |
| 12/18/2017 | Assisted attorney in gathering of expert reports, pleadings and other materials in attorney's preparation of hearing today in this case. | 1.00 at $150.00 | $150.00 |
| 12/18/2017 | Docket deadlines mandated by the Court at hearing on Motion to Strike Expert Jerry Holt, wherein Judge found report deficient and ruled that the parties need to submit briefing by January 12th as to whether the report may be amended. | 0.30 at $150.00 | $45.00 |
| 12/18/2017 | Prepare for and attend hearing on Motion to Strike Experts; research ability to supplement report; correspond with Jason Lane regarding status. | 5.00 at 375/hr | $1,875.00 |

Although most of the entries relate to the December 18, 2018 Hearing on the Motion to Strike the Expert Report, some of the entries include tasks subsequent to the hearing and others include tasks which do not relate to the Motion to Strike. For example, the last entry in the above chart includes tasks related to preparing for and attending the hearing, but also includes subsequent correspondence with Jason Lane and research in supplementing the Report.[7] Furthermore, the first entry includes time spent reviewing, revising and finalizing Lane's Reply on his Motion for Summary Judgment. The Court is unable to discern how many hours were spent solely in preparation for the Motion to Strike hearing.[8]

In light of problems generated by entries such as the ones listed above, the Court must also examine Lane's accounting methods for his attorney's fees.

---

[7] Supplementing the report only became relevant once the Court issued its ruling at the December 18, 2018 Hearing.

[8] This is most prevalent in the first entry. It could be that 4 of those hours were spent on the Motion for Summary Judgment and only .60 in preparation for the hearing, or vice versa. In any event, the Court declines to speculate in its assessment of the Lane's requested fees.

### a.  Block Billing

"The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.  *Gurule v. Land Guardian, Inc*., No. 4:15-cv-03487, 2017 WL 6761821, at *4 (S.D. Tex. Oct. 24, 2017).  When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is hindered in determining whether the hours billed are reasonable.  *Id.* (quoting *Barrow v. Greenville Indep. Sch. Dist*., No. 3:00-CV-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005)).  For example, a person engaging in block billing would record the total amount of time spent on a case that day, and then group several tasks under that single entry, leaving the court unable to determine how much time was devoted to a given task.  *Castro v. Precision Demolition LLC*, No. 3:15-CV-0213-D, 2017 WL 6381742 (N.D. Tex. Dec. 14, 2017).

Court response to block billing varies.  The general response has been to reduce the amount of fees by a set percentage depending on the egregiousness of block billing.  *See Symetra Life Insurance Co. v. Rapid Settlements, LTD*., Nos. H-05-31667, H-06-2933, 2015 WL 6739022, at *7 (S.D. Tex. Nov. 4, 2014) (analyzing two separate cases, one of which reduced the amount of recoverable hours by 10% and another, which found a 40% reduction appropriate where there appeared "repeated block-billed entries and highly redacted and generally unreliable supporting documentation").  The court in *Symetra* itself only reduced the amount of fees by 3% for block billing.  *Id*.  The court indicated that the amount and extent of block billing was relatively low in comparison to other cases.  *Id*.  In coming to that conclusion, the court pointed to: (i) daily entries which identified and provided detailed information about the discrete tasks performed each day, (ii) the entries themselves were for short periods of time and contained

"only one or two legal tasks reflecting a single objective;" and (iii) the court was "able to determine whether the amount of time billed was reasonable." *Id.*

However, "although courts may assess across-the-board reductions for block billing, a finding that an attorney engaged in block billing does not automatically lead to a reduction in the time billed. *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL 4594945, at *5 (S.D. Tex. Sept. 2, 2016). "The court must evaluate whether the applicant's evidence is sufficient to enable it to determine the reasonableness of the hours expended." *Id.*

In submitting its accounting of expenses and fees, Lane has grouped several tasks within a single entry, preventing the Court from accurately determining the time spent on a particular task, thus impairing the Court's evaluation of whether the fees charged, and the hours expended for those individual tasks, are reasonable. For example, in two separate examples dated October 25, 2017, similar to the one listed in the first chart, Lane sets forth the following:

| | | | |
|---|---|---|---|
| 10/25/2017 | Assist attorney in preparation of exhibits for Defendant's Motion for Summary Judgment against Trustee and preparation of exhibits for filing of Defendant's Motion for Summary Judgment Against Intervenors; docket hearing on Jason Lane's Motion to Strike Experts; and docket deadline for Plaintiff to Respond to Defendant Jason Lane's First Motion to Strike Experts, Intervenors to respond to Motion for Summary Judgment; and Plaintiff to Respond to Motion for Summary Judgment. | 3.00 at $150/hr | $450.00 |
| 10/25/2017 | Continue drafting, reviewing, revising and finalizing motion for summary judgment on trustee's claims, motion for summary judgment on Intervenor's clams and motion to strike expert; telephone conferences with opposing counsel's office regarding documents and depositions. | 5.00 at $375/hr | $1,875.00 |

Although there is handwriting next to each of these entries, reflecting a reduction of the time charged—given that some of the tasks listed are not allowable fees pursuant to the Court's Order, such as the Intervenor Summary Judgment Fee's—block billing prevents the Court from assessing the reasonableness of the fees charged under the allowable tasks.  Furthermore, several of Lane's entries, such as the ones listed above, include fees incurred as a part of his Summary Judgment Motion.  (*See* ECF No. 91-1 at 30–32).  In light of the Court's denial of Lane's Motion to Modify to include the Summary Judgment Fees, entries which include those tasks via Lane's block billing procedure contain fees not allowed under the Court's previous Order.

The Court notes that in reducing the amount of certain entries, given Lane's own assessment of what is not allowable under the Court's Order, Lane exhibits some billing judgment.  However, in failing to properly itemize tasks separately, such as those relevant only to the Motion for Summary Judgment, Lane prevents the Court from properly assessing the requested and allowable fees.

The Trustee and Lane have several options:

(i)  Stipulate to a set percentage by which block-billed entries will be reduced; or

(ii) Present evidence to the Court on the percentage amount by which those entries should be reduced; or

(iii) In light of this Opinion, agree on the total reasonable fees.

Not later than **December 31, 2018**, the parties must file a joint report indicating which option should be followed.

Additionally, unless the parties stipulate as to the total reasonable fees to be awarded, Lane must file a revised statement of the amount that he claims, taking into account the items addressed in this Opinion that do not appear to total to the amount that he has requested.

## **Conclusion**

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **December 12, 2018.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

Appendix A[9]

**Jason Lane's Highlighted Entries with Court Corrections**

| | | | |
|---|---|---|---|
| 7/24/2017 | Receive and review Trustee's expert report on insolvency. | 0.60 at $375.00/hr | $225.00 |
| 7/26/2017 | Receive and review Trustee's expert designations of attorney's fees experts; correspond with potential expert, Helga Zauner; correspond with Diane King regarding the expert designations. | 0.20 at $375.00/hr | $75.00 |
| 7/27/2017 | Telephone conference with expert Helga Zauner; review documents and correspond with Helga regarding documents | 0.80 at $375.00/hr | $300.00 |
| 7/28/2017 | Review of Trustee's 3893 page document production and organize documents for further attorney review. | 6.00 at $150.00/hr | $900.00 |
| 7/28/2017 | Telephone conference with expert Helga Zauner. | 0.20 at $375.00/hr | $75.00 |
| 8/02/2017 | Assisted attorney in organization of documents produced by Trustee for further attorney's review in anticipation of expert review in this case. | 4.20 at $150.00/hr | $630.00 |
| 8/21/2017 | Telephone conference with Helga Zauner regarding xxx.[10] | 0.20 at $375.00/hr | $75.00 |
| 8/22/2017 | Review documents; review draft expert report; confer and correspond with expert xxx. | 2.50 at $375.00/hr | $937.50 |
| 8/23/2017 | Confer with Corey Seel regarding strategy; review Trustee's documents and pleadings from Trustee's cases; correspond with expert Helga Zauner xxx correspond with Jason Lane xxx correspond with opposing counsel regarding depositions. | 1.00 at $375.00/hr | $375.00 |
| 8/24/2017 | Review xxx correspond with expert; receive and review deposition notice of Jason Lane; draft deposition notice of John Akard; correspond with opposing | 1.40 at $375.00/hr | $525.00 |

---

[9] This chart sets out *only* the highlighted entries in Lane's summary of attorneys' fees.  The amounts reflected in this chart include the corrected amounts noted in the Court's Opinion.

[10] The designation "xxx" will be used when there are redacted portions in the entries.

| | | | |
|---|---|---|---|
| | counsel regarding depositions and discovery; receive and review interrogatories, requests for admission, and requests for production; correspond with Jason Lane xxx. | | |
| 8/25/2017 | Review, revise and finalize supplemental expert designation; receive and review Trustee's supplemental expert designation; correspond with Jason Lane xxx. | 0.50 at $375.00/hr | $187.50 |
| 10/11/2017 | Telephone conference with expert Helga Zauner regarding upcoming deadlines and motions to be filed. | 0.20 at $375.00/hr | $75.00 |
| 10/19/2017 | Draft portion of motion for summary judgment; correspond with opposing counsel regarding documents; research issues. | 4.00 at $375.00/hr | $1,500.00 |
| 10/21/2017 | Continue drafting motion for summary judgment and motion to strike. | 2.90 at $375.00/hr | $1,087.50 |
| 10/23/2017 | Continue drafting motion for summary judgment. | 5.20 at $375.00/hr | $1,950.00 |
| 10/24/2017 | Continue drafting motions for summary judgment on Trustee's claims and Intervenors' claims draft motion to strike experts, research related issues. | 6.80 at $375.00/hr | $2,550.00[11] |
| 10/25/2017 | Assist attorney in preparation of exhibits for Defendant's Motion for Summary judgment against Trustee and preparation of exhibits for filing of Defendant's Motion for Summary Judgment against Intervenors; docket hearing on Jason Lane's Motion to Strike Experts; and docket deadline for Plaintiff to respond to Defendant Jason Lane's First Motion to Strike Experts, Intervenors to respond to Motion for Summary Judgment; and Plaintiff to Respond to Motion for Summary Judgment. | 3.00 at $150.00/hr | $450.00 |
| 10/25/2017 | Continue drafting, reviewing, revising and finalizing motion for summary judgment on trustee's claims, motion for summary judgment on Intervenors' claims, and motion to strike expert; telephone conferences with opposing | 5.00 at $375.00/hr | $1,875.00 |

---

[11] For purposes of the Court's calculations, Lane's reduction of $1,275.00 is subtracted separately.

| | counsel's office regarding documents and depositions. | | |
|---|---|---|---|
| 12/08/2017 | Research and draft Reply to Trustee's Response to Motion for Summary Judgment. | 7.40 at $375.00/hr | $2,775.00 |
| 12/11/2017 | Review, revise and finalize Reply to Response to Motion for Summary Judgment; correspond with Helga Zauner regarding the hearing; correspond with Jason Lane regarding status; receive and review Trustee's witness and exhibit list for December 18 hearing; correspond with Trustee's counsel regarding exhibits. | 4.60 at $375.00/hr | $1,725.00 |
| 12/12/2017 | Docket Telephonic Meeting with Expert, Helga A. Zauner regarding her testimony at hearing on Lane's Motion to Strike Holt's Testimony for December 13th. | 0.10 at $150.00/hr | $15.00 |
| 12/13/2017 | Revise and finalize witness and exhibit list; confer with expert Helga Zauner regarding the hearing set for Monday. | 0.60 at $375.00/hr | $225.00 |
| 12/14/2017 | Prepare for hearing on Motion to strike expert; telephone conference with Helga Zauner regarding accounting issues. | 2.50 at $375.00/hr | $937.50 |
| 12/15/2017 | Review documents and prepare for hearing on motion to strike experts. | 0.80 at $375.00/hr | $300.00 |
| 12/18/2017 | Assisted attorney in gathering of expert reports, pleadings and other materials in attorney's preparation of hearing today in this case. | 1.00 at $150.00/hr | $150.00 |
| 12/18/2017 | Docket deadlines mandated by the Court at hearing on Motion to Strike Expert Jerry Holt, wherein Judge found report deficient and ruled that the parties need to submit briefing by January 12th as to whether the report may be amended. | 0.30 at $150.00/hr | $45.00 |
| 12/18/2017 | Prepare for and attend hearing on Motion to Strike Experts; research ability to supplement report; correspond with Jason Lane regarding status. | 5.00 at $375.00/hr | $1,875.00 |
| 1/08/2018 | Draft Portion of Brief in Opposition to Trustee Amending Expert Report. | 2.80 at $375.00/hr | $1,050.00 |
| 1/09/2018 | Continue drafting brief regarding effect of the Court striking Trustee's expert report. | 2.30 at $375.00/hr | $862.50 |
| 1/12/2018 | Receive and review Trustee's brief requesting permission to amend or | 1.30 at $375.00/hr | $487.50 |

| | supplement; review, revise and finalize brief regarding effect of striking expert report; correspond with Jason Lane regarding briefs. | | |
|---|---|---|---|
| 1/15/2018 | Receive and review trustee's Motion for Leave to Supplement expert Report. | 0.30 at $375.00/hr | $112.50 |
| 1/16/2018 | Draft response to motion for leave to supplement expert report. | 0.30 at $375.00/hr | $112.50 |
| 1/16/2018 | Assisted attorney in preparation of exhibit for filing Response to Trustee's Expedition Motion for Leave to Supplement Expert Report of Jerry Holt; and docket deadline to respond to Trustee's expedited Motion for Leave to Supplement Jerry Holt's Report. | 1.20 at $150.00/hr | $180.00 |
| 1/19/2018 | Correspond with Jason Lane regarding the Trustee's motion for leave to supplement the expert report and our response. | 0.20 at $375.00/hr | $75.00 |